**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan Singer, | No. CV08-1304-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Harvey Duro, Sr., et al., | |
| Defendants. | |

Plaintiff has filed a motion to remand this matter to state court for lack of subject matter jurisdiction. For reasons stated below, the Court will deny Plaintiff's motion.

I.  Background.

On May 28, 2008, Plaintiff filed suit against Defendants in Yuma County Superior Court. Dkt. #1 at 8-13. On July 15, 2008, Defendants removed the case to this Court. Dkt. #1 at 1-5. Plaintiff is a citizen of Arizona. Dkt. #1 at 8. All Defendants are citizens of California. *Id.* at 8-9. Plaintiff's assignor, Mike Zinn, is a citizen of California, but is not a party to this action. *Id.* Complete diversity exists between Plaintiff and Defendants. *See* 28 U.S.C. § 1332(a)(1).

II.  Legal Standard.

The removal statute, 28 U.S.C. § 1441, provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[A]ctions that originally could have been filed in federal court may be removed to federal court by the defendant."). In an action not involving a federal question, removal is proper where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *see* 28 U.S.C. § 1332(a)(1). In an action removed on the basis of diversity jurisdiction, diversity must exist at the time of removal. *See Comtec, Inc. v. Nat'l Technical Schs.*, 711 F. Supp. 522, 523 (D. Ariz. 1989) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)).

III.   Discussion.

Plaintiff relies on 28 U.S.C. § 1359 to argue that Defendants removed this case to federal court on the basis of "manufactured" diversity. Dkt. #44 at 3-7. Section 1359 provides that "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." In cases involving assignments, including those made for collection of a debt, section 1359 is violated when the party asserting federal jurisdiction "improperly or collusively" enters into an assignment solely to create diversity jurisdiction. *See Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 826-28 (1969); *cf. Syms v. Castleton Indus., Inc.*, 470 F.2d 1078, 1088 (5th Cir. 1972) ("[U]nder Section 1359, any assignee can sue in federal court so long as he was not improperly or collusively made a party in order to invoke federal jurisdiction."); *Hartford Accident & Indem. Co. v. Sullivan*, 846 F.2d 377, 382 (7th Cir. 1988) ("[I]f the assignment is not collusive or otherwise improper, the assignee's citizenship determines whether his suit is within the diversity jurisdiction."). Here, the assignee (Plaintiff) is not asserting federal jurisdiction and does not claim that the assignment was collusive. Nor did the removing Defendants have any role in the assignment of Mr. Zinn's claim to Plaintiff.[1]

---

[1] As an additional but non-dispositive matter, the assignment in this case is not an "assignment for collection" within the meaning of *Attorneys Trust*, since Plaintiff alleges that

- 2 -

The primary problem § 1359 seeks to avoid is a real party in interest transferring his interest to a diverse assignee solely to create federal court jurisdiction. The assignment in this case was not made for that purpose.

**IT IS ORDERED** that Plaintiff's motion to remand (Dkt. #44) is **denied**.

DATED this 20th day of March, 2009.

_____
David G. Campbell
United States District Judge

---

he, and not Mr. Zinn, is entitled to collect the full balance owed on the promissory note. *See Attorneys Trust v. Videotape Computer Prods.*, 93 F.3d 593, 597 (9th Cir. 1996) (discussing cases in which assignor retained interest in recovery); Dkt. #1 at 8-13.