1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Alan Singer,                              )    No. CV-08-1304-PHX-DGC
                                                )
10                   Plaintiff,                 )    **ORDER**
                                                )
11   vs.                                        )
                                                )
12                                              )
     Harvey Duro, Sr., et al.,                  )
13                                              )
                     Defendant.                 )
14                                              )
     _____       )

15

16

17          Plaintiff has filed a motion for summary judgment.  Dkt. #51.  Defendants have

18   responded, counter-moved for summary judgment, and moved for relief from failure to make

19   timely responses to request for admissions.  Dkt. #62.  Plaintiff's motion is fully briefed.

20   Dkt. ## 62, 64.  Defendants have failed to reply in support of their motion for relief from

21   failure to make timely responses, and the time for doing so has passed.  Defendants have not

22   yet filed a reply in support of their motion for summary judgment, but that reply is not

23   necessary in light of this order.  For the reasons that follow, the Court will grant Defendants

24   motion for relief from their failure to make timely responses to request for admissions and

25   deny both motions for summary judgment without prejudice.

26   **I.    Background.**

27          Although the parties dispute many of the relevant facts, this is a general summary:

28   Desert Mobilehome Park, Inc. was formed by Mike Zinn and Defendants Harvey Duro, Sr.

1 and Josefino David.  On May 21, 2007, Mike Zinn and Defendant Desert Mobilehome Park,

2 Inc. entered into a written contract where Zinn agreed to sell his interest in the corporation

3 and Desert Mobilehome Park agreed to pay $300,000.  Desert Mobilehome Park was to make

4 a down payment and then pay $8,000 per month by the 10th of each month.  Desert

5 Mobilehome Park breached the agreement on April 10, 2008.  On April 30, 2008, Zinn

6 assigned his rights under the contract to Plaintiff.  Shortly thereafter, a new corporation was

7 formed – Duroville Renaissance Corporation – and the assets from Desert Mobilehome Park

8 were transferred to the new corporation.   Plaintiff filed a complaint alleging breach of

9 contract, fraud, and breach of the implied covenant of good faith and fair dealing and seeking

10 both compensatory and punitive damages.  Plaintiff seeks to pierce the corporate veil and

11 hold Defendants Duro and David personally liable.

12 **II.     Motion to withdraw admissions deemed admitted.**

13          On November 26, 2008, Plaintiff sent requests for admissions to Defendants' attorney,

14 J. Scott Zundel.  Dkt. ## 62, 63.  Federal Rule of Civil Procedure 36(a)(3) states that a

15 "matter is admitted unless, within 30 days after being served, the party to whom the request

16 is directed serves on the requesting party a written answer or objection to the matter."

17 Fed. R. Civ. Pro. 36(a)(3).  Zundel e-mailed the responses to Plaintiff on January 8, 2009,

18 well after the 30-day deadline.  Pursuant to Rule 36, Plaintiff's requests for admissions were

19 therefore deemed admitted.  Only after Plaintiff filed a motion for summary judgment on

20 February 17, 2009, relying upon those admissions, did Defendants file a motion pursuant to

21 Rule 36(b) seeking to withdraw the admissions.  Dkt. #62 at 13.  The motion was filed on

22 March 20, 2009, almost three months after the requests for admissions were deemed admitted

23 by Defendants' failure to timely respond.

24          The Ninth Circuit holds that a district court has discretion to grant relief from an

25 admission under Rule 36(b) only when: (1) "it would promote the presentation of the merits

26 of the action" and (2) "the party who obtained the admission fails to satisfy the court that

27 withdrawal or amendment will prejudice that party in maintaining the action or defense on

28 the merits."  *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (citing *Hadley v.*

1    *United States*, 45 F.3d 1345, 1348 (9th Cir. 1995).  The Court finds that upholding the

2    admissions would effectively eliminate consideration of the merits of the case.  *See Hadley*

3    *v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995).[1]  The requests for admissions are

4    extensive.  By failing to respond to the requests, Defendants admitted the relevant facts of

5    each claim and the liability of each Defendant on each claim.

6         The second prong of the test is also satisfied.  The prejudice inquiry must focus on the

7    prejudice that the nonmoving party would suffer at trial.  *Conlon*, 474 F.3d at 623.  The party

8    relying on the deemed admission has the burden of proving prejudice.  *Id.* at 622.  Reliance

9    on a deemed admission in preparing a summary judgment motion does not constitute

10   prejudice, nor does a lack of discovery where a court may reopen the discovery period.  *Id.*

11   at 624.  In spite of Plaintiff's assertion that trial is set for September of 2009, in actuality a

12   trial date has not been set in this case.  Dkt. #63 at 12.  Plaintiff argues that he would be

13   prejudiced because he has relied on the admissions for several months, because the accuracy

14   of adjudication would be hindered by allowing the withdrawal of admissions, and because

15   Mr. Zinn's health is failing.  *Id.* at 12-14.  None of these consideration significantly prejudice

16   Plaintiff with regard to trial.  Although Plaintiff has relied on the admissions for several

17   months and in preparing his motion for summary judgment, this is not sufficient to show that

18   he would be prejudiced at trial.  The Court cannot agree with Plaintiff's assertion that

19   allowing requests for admissions to be deemed admitted would bolster the accuracy of

20   adjudication.  Common sense dictates that allowing Defendants to present their version of

21   the facts would better ensure the accuracy of adjudication.  Finally, Plaintiff's assertion that

22   Mr. Zinn's health is failing is not sufficient to show prejudice at trial.  Plaintiff has the

23

24

25         [1] Defendants argue that even if all the admissions are upheld, Plaintiff has still failed

26   to prove (1) that individual defendants signed anything in their individual capacity, (2) the
     necessary elements to pierce the corporate veil, and (3) sufficient evidence of fraud.  These

27   assertions are directly contradicted by Plaintiff's statement of facts, paragraphs 6, 7, 11, 14,

28   and 27.  Dkt. #56.

1   opportunity to preserve the information Mr. Zinn would testify to in the event he is not able

2   to testify at trial.  The Court will grant Defendants' request to withdraw the admissions.

3          The Court notes, nonetheless, that Mr. Zundel repeatedly has failed to act in a timely

4   manner in this case.  In addition to the untimely responses to the requests for admissions, Mr.

5   Zundel filed Defendants' answer and Defendants' response to the motion for summary

6   judgment late.  He waited until after Plaintiff had filed a motion for summary judgment

7   before seeking to withdraw the admissions.  He has also been slow and sometimes

8   unresponsive in his discovery obligations.  *See* Dkt. #41.  Such recalcitrance should not go

9   unsanctioned.  The Court will entertain a motion for monetary sanctions by Plaintiff against

10  Mr. Zundel personally for the time Plaintiff invested in drafting the motion for summary

11  judgment that must now be re-drafted after additional discovery.  Plaintiff's motion shall not

12  exceed five pages and shall be filed with the Court on or before **May 8, 2009**.  Mr. Zundel

13  shall respond by **May 15, 2009**.  In addition, the Court will schedule a telephone conference

14  call on **April 30, 2009 at 2:30 p.m.** to discuss Plaintiff's request for additional discovery.

15  **III.    Motions for summary judgment.**

16          **A.    Plaintiff's motion for summary judgment.**

17          Plaintiff's motion for summary judgment relies entirely on the requests for admission

18  deemed admitted.  Dkt. ## 53, 56.  Because the Court will allow Defendants' to withdraw

19  these admissions, the Court will deny Plaintiff's motion without prejudice.  The Court will

20  set a deadline for Plaintiff to file a new motion for summary judgment at the telephone

21  conference call on **April 30, 2009**.

22          **B.    Defendants' motion for summary judgment.**

23          Defendants' motion for summary judgment will also be denied without prejudice.

24  Dkt. #62.  Plaintiff has relied on Defendants' admissions in determining what discovery to

25  pursue and the discovery period must now be re-opened to allow Plaintiff to conduct

26  additional discovery.  Plaintiff should have the opportunity to respond to Defendants' motion

27  after further discovery has been conducted.  Defendants' motion will be denied without

28  prejudice.

**IT IS ORDERED:**

1.      Defendants' motion for relief from failure to timely file responses to request for admissions (Dkt. #63) is **granted**.

2.      If Plaintiff wishes to file a motion for sanction personally against Mr. Zundel for the reasons stated in this order, the motion must not exceed five pages and must be filed by **May 8, 2009**.  Mr. Zundel shall respond by **May 15, 2009**. No reply shall be filed.

3.      The Court has scheduled a telephone conference call on **April 30, 2009 at 2:30 p.m.** to discuss reopening the discovery period.  The parties shall jointly place a call to the Court at that time.

4.      Plaintiff's motion for summary judgment (Dkt. #51) and Defendants' motion for summary judgment (Dkt. #62) are **denied without prejudice**.

DATED this 22nd day of April, 2009.

David G. Campbell
United States District Judge