**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan Singer,<br><br>    Plaintiff,<br><br>vs.<br><br>Harvey Duro, Sr. et al.,<br><br>    Defendant. | No. CV-08-1304-PHX-DGC<br><br>**ORDER** |

In its April 22, 2009 order, the Court stated that it would "entertain a motion for monetary sanctions by Plaintiff against Mr. Zundel personally for the time Plaintiff invested in drafting the motion for summary judgment that must now be re-drafted after additional discovery." Dkt. #70. Plaintiff has filed a motion for monetary sanctions, but instead requests monetary sanctions for the time Plaintiff will have to invest in drafting a subsequent motion for summary judgment now that the admissions have been withdrawn. Dkt. #72. Because the motion does not address the sanctions allowed by the Court – for the cost of drafting the previous summary judgment motion – the Court will deny the motion for sanctions without prejudice. Plaintiff may re-file the motion and seek sanctions for time invested in drafting his first motion for summary judgment after the Court has ruled on the forthcoming motions for summary judgment.

Plaintiff has also filed a request for certification of appeal under 28 U.S.C. § 1292(b), asking the Court to certify for appeal the Court's decision to allow Defendants to withdraw admissions. Dkt. #73; *see* Dkt. #70. Section 1292(b) states that a district court may designate an otherwise unappealable civil action as subject to appeal if "the order involves a question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court will deny Plaintiff's request. The Court had discretion to permit the withdrawal of admissions, provided the Court addressed the two-pronged test of Rule 36(b). *See Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007); Fed. R. Civ. P. 36(b). Plaintiff does not dispute that the Court addressed both factors. *See* Dkt. #70. Nor will immediate appeal materially advance the ultimate termination of this litigation.

**IT IS ORDERED:**

1. Plaintiff's motion for sanctions (Dkt. #72) is **denied without prejudice**. Plaintiff may re-file a motion for sanctions seeking the expense incurred in preparing the first motion for summary judgment (Dkt. #51) after the Court has ruled on the forthcoming motions for summary judgment.

2. Plaintiff's request for certification of appeal under 28 U.S.C. § 1292(b) (Dkt. #73) is **denied**.

DATED this 19th day of June, 2009.

David G. Campbell
United States District Judge