**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Alan Singer, | ) | No. CV-08-1304-PHX-DGC |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Harvey Duro, Sr., et al., | ) ) | |
| Defendant. | ) ) | |

Plaintiff has filed a motion for partial summary judgment. Dkt. #78. Defendants have filed a response and Plaintiff has replied. Dkt. ## 91, 94. Defendants have also filed a motion for summary judgment. Dkt. #81. Plaintiff has responded. Dkt. ## 82-84. Defendants have not replied and the time for doing so has passed.

The briefing is poorly organized and often confusing. No party requested oral argument. The Court has done its best to sort out the parties' arguments and, for the reasons that follow, will deny Plaintiff's motion and grant Defendants' motion.

Plaintiff has also filed a motion to strike and a second motion for partial summary judgment. Dkt. ## 82, 90. Plaintiff's second motion for summary judgment will be denied without consideration by the Court. The Court informed Plaintiff in its September 11, 2008 case management order that a party may file only one motion for summary judgment unless permission is first obtained from the Court. Dkt. #35 ¶ 7(b). Plaintiff did not seek permission to file a second motion for summary judgment. Moreover, Plaintiff's second

motion is untimely. The Court established a deadline of June 19, 2009 for filing dispositive motions. *See* Dkt. #74. Plaintiff's second motion was filed well after that date. Dkt. #90.

## I. Background.

Desert Mobilehome Park, Inc. ("DMP") was formed by Mike Zinn and Defendants Harvey Duro, Sr. and Joe David to operate a mobile home park in California. On May 21, 2007, Zinn and Defendant DMP entered into a written contract for DMP to purchase Zinn's interest in the corporation for $300,000, consisting of a $40,000 down payment and monthly payments of $8,000. DMP stopped making monthly payments in April of 2008. On April 30, 2008, Zinn assigned his rights under the contract to Plaintiff. Shortly thereafter, a new corporation was formed – Duroville Renaissance Corporation – and the assets of DMP were transferred to the new corporation. Plaintiff filed a complaint alleging breach of contract, fraud, and breach of the implied covenant of good faith and fair dealing, and seeking both compensatory and punitive damages. Plaintiff seeks to pierce the corporate veil and hold Defendants Duro and David personally liable for the liabilities of DMP.

## II. Legal standard.

A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. Plaintiff's motion for summary judgment.

Plaintiff has filed a motion for summary judgment on the breach of contract claim. Dkt. #78. Plaintiff contends that the Defendants Duro and David signed the contract in their

1  individual capacities, that they have failed in this litigation to assert that they signed in their
2  representative capacities, that the capacity defense is therefore waived, and that the
3  individual defendants accordingly are personally liable on the contract.

4  Plaintiff's argument lacks merit. The signature page that Plaintiff includes as an
5  exhibit to his motion clearly states that Defendants Duro and David are signing the contract
6  as President and Secretary of the corporation. Dkt. #80 at 4. In addition, the individual
7  defendants have denied in this litigation that they signed the contract in their individual
8  capacities. Plaintiff alleged in paragraph 8 of the complaint that this action arises out of a
9  breach of contract between Mike Zinn and Defendants. Dkt. #1 at 9. In their answer,
10 Defendants admit that the action arises out of an alleged breach of contract by Defendant
11 DMP, but they deny all other allegations in paragraph 8. Dkt. #8 at 2-3. They thus deny that
12 the action arises out of a breach of contract between Zinn on one hand and Defendants Duro
13 and David on the other.

14 Even if Defendants had not denied their individual contractual liability in the answer,
15 "a defendant may raise an affirmative defense at the summary judgment stage as long as the
16 plaintiff does not suffer prejudice." *Panaro v. City of North Las Vegas*, 432 F.3d 949, 952
17 (9th Cir. 2005). Plaintiff has not shown that he has been prejudiced by Defendants' failure
18 to assert the capacity argument as an affirmative defense. Nor could he. Defendants asserted
19 repeatedly in their responses to written discovery that they personally made no promises to
20 Zinn in the sales contract. *See* Dkt. #91 at 12-13.

21 Finally, as will be explained more fully below, the sales contract itself makes clear
22 that the obligation to pay Zinn was undertaken by DMP, not by the individual defendants.
23 The Court therefore will deny Plaintiff's motion for summary judgment on the individual
24 liability of Defendants Duro and David.

25 Plaintiff also suggests in his motion that Duro alone has been found liable for
26 environmental liabilities at the mobile home park in *United States v. Harvey Duro, Sr. and
27 Desert Mobilehome Park, Inc.*, No. EDCV 07-01309-SGL (JCRx), a case pending the United
28 States District Court for the Central District of California (the "California Action"). Plaintiff

claims that Duro and David therefore cannot seek an offset in this case for environmental liabilities. Defendants disagree, arguing that the California Action made no finding of Duro's liability for environmental problems at the site, but instead merely held that Duro failed to obtain the necessary approval of the Department of the Interior for certain subleases. The Court cannot resolve this issue on the present record. Although Plaintiff has provided copies of two decisions in the California Action, those decisions are based in part on a 2004 settlement of an earlier case. *See* Dkt. #80, Ex. B at 2. Little or no information is provided about the 2004 settlement or the earlier action. The Court cannot on this record determine whether the decisions in the California Action should have some preclusive effect on the offset claim asserted by Defendants. To the extent Plaintiff seeks summary judgment on this issue, it will be denied.[1]

---

[1] In connection with his first argument, Plaintiff asserts that the California Action found Defendant Duro personally liable for environmental violations at the site, a ruling, he claims, that somehow means Duro is also personally liable for breach of the sales contract. Dkt. #78 at 2. Plaintiff has not shown, however, that the alleged finding of Duro's environmental liability was somehow based on his signing of the sales contract, and the Court can see no logical connection between the sales contract and environmental liability.

Plaintiff asserts a number of new arguments in his reply memorandum – that Defendant David is liable because of his signature on the promissory note given with the sales contract, that Defendants Duro and David are liable under an alter ego theory, that Defendants may not assert their affirmative defense of offset under Arizona or California law, and that Defendants engaged in a fraudulent transfer. Dkt. #94. The Court will not address these arguments because they were raised for the first time in a reply memorandum. *Cf. Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013, 1021 n. 4 (9th Cir.2005) (issues not raised in opening materials are deemed waived).

**IV. Defendants' motion for summary judgment.**[2]

    **A.    Plaintiff's claims against Defendant Lillian David.**

Defendants argue that Lillian David is not liable because she was not a party to the sales agreement and was not an officer, shareholder, or director of DMP. Defendants argue that even if Lillian David's husband is found liable, under California law the separate property of a spouse is not liable for debts the other spouse incurred during the marriage unless the debts were incurred for the necessities of life. Dkt. #81 at 7 (citing Cal. Fam. Code § 914(a)).

Plaintiff responds that Arizona law requires spouses to be sued jointly where the community property is liable for debts incurred during marriage. Dkt. #84 at 3 (citing A.R.S. §§ 25-215C, 25-215D). Defendants have not replied to this argument. As will be seen below, however, the Court will enter summary judgment on all claims against Defendant Joe David. Because Lillian David is named only to permit Plaintiff to obtain a full recovery from Joe David, the Court will enter summary judgment in her favor as well.

    **B.    Breach of contract.**

        **1.    Personal liability of Defendants Duro and David.**

Defendants argue that Defendants Duro and Joe David did not sign the sales contract in their individual capacities, but rather signed as officers of DMP and therefore are not personally liable for breach of the contract. In support, Defendants cite the contract itself. Not only does the contract contain the signatures of Defendants Duro and David as officers of the corporation, it also contains two clauses providing that the corporation alone is liable under the contract. Dkt. #81 at 6. Paragraph G on page 2 of the agreement states that "[o]nly Corporation shall be obligated to pay the consideration set forth herein [and] comply with

---

[2] Plaintiff has moved to strike Defendants' motion for summary judgment, arguing that a motion for summary judgment was previously filed by Defendants and denied by the Court. Dkt. #82. Defendants' previous motion for summary judgment was denied without prejudice so the Court could consider whether to reopen discovery. Dkt. #70. The Court ultimately accepted Plaintiff's position that discovery need not be reopened, and reaffirmed the June 19, 2009 deadline for dispositive motions. Dkt. #74. Defendants' motion was filed by that deadline. The motion to strike will therefore be denied.

1 all terms and conditions of this Agreement[.]" Dkt. #81-9 at 3. Paragraph 19 on page 8, titled "Sole Liability," states "Corporation shall be obligated to Seller to perform each and every obligation of Corporation as set forth in this Agreement . . . and Remaining Shareholders [Defendants Duro and David] shall have no liability to Seller for the obligations of Corporation to Seller." *Id.* at 2, 9. The Court agrees with Defendants. The contract clearly provides that only DMP will be liable for payments to Zinn, and Defendants Duro and David signed in their capacities as "President" and "Secretary" respectively. Dkt. #80 at 4.

Plaintiff argues that the corporation is identified on the signature page of the contract as "Duro Mobilehome Park" – an entity that does not exist – rather than "Desert Mobilehome Park." Because Defendants Duro and David failed to identify the correct entity on behalf of which they were signing, Plaintiff contends, they necessarily signed in their individual capacities. This argument is frivolous. The introductory paragraph of the agreement identifies the "Buyer" or "Corporation" as "Desert Mobilehome Park, Inc." Dkt. #81-9 at 2. As noted above, the agreement plainly provides that the corporation alone is bound by the contract, expressly stating that the "Remaining Shareholders" – identified as Defendants Duro and David (Dkt. #81-9 at 2) – are not liable. The name "Duro Mobilehome Park" on the signature page is a clear typographical error and cannot be said to have converted Defendants' signatures into individual assumptions of liability. The Court will grant summary judgment in favor of Defendants on Plaintiff's claim that Duro and David are liable because they signed the contract on their own behalf.

**2. Defendants' claim for offset.**

DMP admits liability under the contract, but Defendants assert that DMP has a right to offset against Zinn (and therefore against Plaintiff as his successor) for Zinn's failure to disclose construction defects, code violations, and tax violations at the mobile home park. Dkt. #81 at 6-7. Plaintiff contends that Defendants have waived the affirmative defense of offset by failing to assert it before this motion. Dkt. #84 at 4. Defendants do not reply, but the Court notes that Defendants did assert as an affirmative defense in their answer that they have suffered damages as a result of "Plaintiff's assignor's conduct" and "are entitled to

offset the amount of those damages against Plaintiff's claim." Dkt. #8 at 7. Defendants have not waived their defense of offset.

### 3. Piercing the corporate veil.

Plaintiff seeks to pierce the DMP corporate veil and hold Defendants Duro and David liable for the acts and liabilities of the corporation. Defendants' motion asserts that Plaintiff does not possess sufficient evidence to pierce the corporate veil. Dkt. #81 at 10. In deciding whether to pierce the veil, the Court must consider several factors including the commingling of funds, disregard of corporate formalities, segregation of corporate records, and inadequate capitalization. *See Gregorie v. Alpine Meadows Ski Corp.*, No. CIV. S-08-259 LKK/DAD, 2009 WL 2425960, at *5 (E.D. Cal. 2009); *Deutsche Credit Corp. v. Case Power & Equip. Co.*, 876 P.2d 1190, 1195 (Ariz. Ct. App. 1994).

In response to Defendants' claims that he cannot present sufficient evidence to pierce the corporate veil, Plaintiff makes only two assertions. The Court finds both inadequate.

First, Plaintiff produces a series of personal checks written by Mike Zinn between late August 2003 and early November 2003. Plaintiff asserts that these checks were written on Zinn's personal bank account to workers at the mobile home park at the direction of Defendant David. Dkt. #54, Ex. E. Plaintiff provides no additional explanation. He does not explain why the checks were written or why they came from Zinn's bank account. Plaintiff does not assert that these payments over a period of slightly more than three months were consistent with corporate practices generally, nor does he provide evidence that Defendants Duro or David commingled their funds with corporate funds. Documents provided by Defendants, on the other hand, suggest that Defendants observed corporate formalities, formally incorporating DMP, holding meetings of the board of directors, and creating minutes of the board meetings. Dkt. #81-2 at 2-18. Defendants filed tax returns for the corporation in 2004, 2005, 2006, and 2007 (Dkt. #81-5 to 81-8), and swear in affidavits that all periodic state filings were also made by the corporation (Dkt. #81-11, 81-12).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

Evidence presented by the party opposing summary judgment must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Plaintiff has not met this standard. Defendants have presented unrebutted evidence that DMP was properly formed, corporate formalities were observed, corporate records were maintained, and corporate tax returns and other state filings were made. In light of this evidence, Plaintiff's evidence that his predecessor in interest, Mike Zinn, personally wrote checks to workers at the mobile home park for slightly more than three months in 2003 is not sufficient for a reasonable jury to conclude that the DMP corporate veil should be pierced. Plaintiff's first contention therefore is not sufficient to defeat summary judgment on the corporate veil issue.[3]

Plaintiff's second argument is that the federal court in the California Action pierced the DMP corporate veil. In support of this argument, Plaintiff cites only generally to the court's findings of fact and conclusions of law dated April 30, 2009. Dkt. ##84 at 7. Plaintiff does not cite to any particular portion of that decision. The Court has reviewed the decision and can find no place where Judge Larson concludes that the DMP corporate veil should be pierced. Dkt. #80, Ex. C. Judge Larson does conclude that "the creation and operation of the defendant Desert Mobilehome Park, aka Duroville, by defendant Harvey Duro, Sr., and others, was accomplished and sustained in violation of federal law requiring a lease approved by the Secretary of the Interior" because it is on Indian land (*id.* at 3), but he says nothing about the DMP corporate veil.

Plaintiff has failed to present evidence sufficient to make a showing sufficient to pierce the DMP corporate veil, a matter on which Plaintiff would bear the burden of proof

---

[3] In the reply in support of his motion for summary judgment, Plaintiff argues that the DMP corporate veil should be pierced. He asserts that Defendants Duro and David admit in declarations submitted in opposition to Plaintiff's summary judgment motion that DMP was undercapitalized. Dkt. #94 at 9. The Court has reviewed the declarations. *See* Dkt. #81, Exs. E and F. They contain no such admissions. To the contrary, they assert that DMP's corporate form was honored. *Id.* Plaintiff's reply makes other assertions as to why the corporate veil should be pierced, but none is supported by citations to evidence. Dkt. #94.

1  at trial. The Court therefore will enter summary judgment in favor of Defendants on the
2  corporate veil issue. *Celotex Corp.*, 477 U.S. at 323-24.

3      **C.    Fraud.**

4      Plaintiff's complaint alleges that Defendants committed fraud when Defendants Duro
5  and David transferred the assets of DMP to a shell corporation for the purpose of avoiding
6  payment to Zinn, while promising Zinn that they would perform under the contract. Dkt. #1
7  at 11-12. Defendants contend that summary judgment should be entered in their favor for
8  several reasons. First, Defendants assert that the fraud claim is not assignable by Zinn
9  because it is a purely personal tort. Dkt. #81 at 9, 11. The authority cited by Defendants,
10 however, states that the general rule favors assignability, and that only wrongs done to the
11 person, reputation, or feelings of an injured party are exceptions to the general rule. *Id.*; Cal.
12 Jur. Assign. § 5. Defendants have not shown that Plaintiff's cause of action for fraud falls
13 under any of these exceptions.

14     Defendants next argue that there is no evidence they transferred the assets of DMP to
15 a shell. Dkt. #81 at 9-10. Defendants cite records from the California Action showing that
16 the federal court placed DMP in receivership and barred Duro from having any involvement
17 with the corporation for the duration of the preliminary injunction. Dkt. 81-5 at 1-3, 20, 23.
18 Plaintiff does not cite any evidence in response, aside from bare assertions that Defendants
19 transferred the assets to a successor corporation. Dkt. #84 at 5.

20     Defendants further assert that there is no evidence they ever represented to Zinn that
21 the corporation would stay in business. Dkt. #81 at 9-10. Plaintiff responds that he is not
22 responsible for combing the record to find such evidence. Dkt. #84 at 6. Contrary to
23 Plaintiff's assertion, however, summary judgment may be entered against a party who "fails
24 to make a showing sufficient to establish the existence of an element essential to that party's
25 case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S.
26 at 323-24. Plaintiff bears the burden of proving fraud at trial. Plaintiff has failed to provide
27 any evidence to support his assertion that Defendants Duro and David promised the
28

corporation would remain in existence or would continue to pay Zinn. Summary judgment will be granted on Plaintiff's fraud claim.

**D.  Punitive damages.**

Because Plaintiff asserts a punitive damages claim only in connection with the alleged fraud (Dkt. #1) and the Court is granting summary judgment on that claim, the Court will also grant summary judgment on punitive damages.

**E.  Implied covenant of good faith and fair dealing.**

Plaintiff's third claim is premised on Defendants' impairment of the terms of the sales contract by refusing to comply with the contract and by placing the assets of the corporation beyond the reach of creditors. Defendants assert that this claim fails because the assets were placed in receivership by the judge in the California Action over Defendants' objection. Dkt. #81 at 14. The Court agrees. The receivership was not a voluntary act on the part of the Defendants. Dkt. #81-5 at 1-3, 20, 23. Plaintiff does not offer any other evidence in support of this claim. The Court will grant summary judgment.

**IT IS ORDERED:**

1. Plaintiff's motion for partial summary judgment (Dkt. #78) is **denied**.
2. Defendants' motion for summary judgment (Dkt. #81) is **granted**. The only claims remaining in this case are those against DMP, and DMP has preserved a defense of offset against Plaintiff.
3. Plaintiff's motion to strike (Dkt. #82) is **denied**.
4. Plaintiff's second motion for partial summary judgment (Dkt. #90) is **denied**.
5. The Court will set a Final Pretrial Conference by separate order.

DATED this 2nd day of September, 2009.

_____
David G. Campbell
United States District Judge