**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan Singer,                           ) | No. CV-08-1304-PHX-DGC |
| Plaintiff,           ) | **ORDER** |
| vs.                                    ) | |
| Harvey Duro, Sr., et al.,              ) | |
| Defendant.           ) | |

On September 2, 2009, the Court entered an order denying Plaintiff's motion for partial summary judgment and granting Defendants' motion for summary judgment. Dkt. #95. Plaintiff has now filed a motion for reconsideration. Dkt. #96. For the reasons that follow, the Court will deny the motion.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. April 15, 2008) (citing *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)). Mere disagreement with an order is an insufficient basis for reconsideration. *See id.* (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988)). Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *See id.* (citing *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)); *see also N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Plaintiff has established none of these circumstances.

1. Plaintiff first asserts that the Court erred when it concluded that the document filed by Plaintiff on July 15, 2009 was an untimely second motion for summary judgment. Plaintiff claims that the document was not a motion for summary judgment. But Plaintiff titled the document "DEMAND FOR SUMMARY JUDGMENT AGAINST DESERT MOBILEHOME PARK, INC., AND HARVEY DURO BASED UPON THEIR LACK OF DEFENSE TO PLAINTIFF'S CLAIM AND ADMISSION OF LIABILITY." Dkt. #90. The closing line of the document reads: "For the foregoing reasons, the motion for summary judgment must be granted in Plaintiff's favor." *Id*. at 12. Given these descriptions, the clerk reasonably docketed the document as a motion for partial summary judgment. Dkt. #90.

Plaintiff now contends that the document actually was an opposition to Defendants' motion for summary judgment. But Plaintiff filed two other documents that purported to be responses to Defendants' motion for summary judgment. *See* Dkt. ##82, 84. The Court reviewed these documents in ruling on Defendants' motion for summary judgment.

The gravamen of Plaintiff's complaint is that the Court failed to exclude Defendants' affirmative defense of set-off from this case. Plaintiff addressed that issue in his timely motion for summary judgment (Dkt. #78) and the Court addressed thes argument in its ruling. *See* Dkt. #95 at 6-7.

1      2.      Plaintiff next argues that Defendants' motion for summary judgment was a second motion in violation of the Court's Case Management Order. Plaintiff previously filed a motion to strike based on this argument. Dkt. #82. The Court properly denied that motion. *See* Dkt. #95 at 5 n.2. Plaintiff additionally argues that he has been prejudiced by Defendants' assertion of a set-off defense, noting that Defendants' first motion referred to the defense as "recoupment." Plaintiff provides no explanation of the distinction between recoupment and set-off. Plaintiff makes various other arguments about the defense that were not submitted in his original pleadings. As noted above, a motion for reconsideration is not the place to assert arguments that could have been made earlier.

     3.      Plaintiff complains that the Court declined to find Defendant Duro personally liable for breach of contract based on rulings in the California Action. *See* Dkt. #95 at 4 n.1, 8. Plaintiff then shifts the argument, contending that the Court should have found that Defendants' set-off defense was barred by the California Action. *See* Dkt. #96 at 4-5. The Court correctly concluded that Judge Larson's ruling in the California Action provides no basis for piercing the corporate veil and holding Defendant Duro personally liable in this case for Plaintiff's breach of contract claim. To the extent Plaintiff now claims that the ruling in the California Action should constitute *res judicata* with respect to Defendants' set-off claim – an argument Plaintiff asserts by citing to language from the California Action quoted at Dkt. #90, pages 4-5 – the Court cannot agree. The language Plaintiff quotes from the California Action does not show that Defendants' claim of set-off was adjudicated in the California Action.

Plaintiff claims that Defendants are barred from raising any issue in this case that could have been raised in the California Action. Plaintiff admits, however, that the California Action was filed by the United States against Defendant Duro and, in Plaintiff's words, "found, inter alia, that Duro wilfully violated the terms of the settlement agreement and wilfully provided an unsafe and unhealthy environment for the residents." Dkt. 96 (emphasis omitted). Plaintiff does not explain how litigation between the U.S. government

1 and Defendant Duro could have resulted in issue or claim preclusion with respect to Plaintiff or his predecessor, Mike Zinn.

4. The Court does not understand Plaintiff's next argument. He asserts that the Court refused to enter summary judgment in his behalf against the corporation, Desert Mobilehome Park, Inc., but Plaintiff did not seek summary judgment against the corporation. He sought summary judgment against Defendants Duro and David. *See* Dkt. #78. Plaintiff later contends that the contract was signed on behalf of a non-existent corporation, but does not explain how this could have assisted him in obtaining summary judgment against an existing corporation, if that is what he had sought.

5. Plaintiff contends that Defendants bear the burden of proof at trial. He claims that summary judgment should have been entered in his favor on Defendants' set-off defense because they failed to come forward with admissible evidence to support it. Plaintiff's motion for summary judgment with respect to the set-off defense, however, was based on *res judicata*. *See* Dkt. #78 at 9-15. Plaintiff did not contend that Defendants lacked evidence to support the defense. *See Celotex Corp v. Catrett*, 477 U.S. 317, 322-23 (1986). Because Plaintiff did not seek summary judgment on this basis, he cannot now complain that the Court failed to grant it on this basis.

6. Plaintiff complains that the Court failed to rely on the California Action to pierce the corporate veil and hold Defendant Duro personally liable. This issue was resolved in the previous order. *See* Dkt. #95. Plaintiff merely re-argues matters already decided.

7. Plaintiff contends that the Court should not have granted summary judgment on his fraud claim because Defendants owed fiduciary duties to his predecessor, Mike Zinn, and therefore are liable for concealment. Plaintiff did not make this argument in his original motion and may not make it now.

8. Plaintiff contends that paragraph 17 of the contract bars Defendants' set-off defense. This appears to be a new argument raised for the first time in a motion for reconsideration. As noted above, new arguments may not be made in such a motion.

1 | **IT IS ORDERED** that Plaintiff's motion for reconsideration (Dkt. #96) is **denied**.
2 | DATED this 2nd day of October, 2009.

*David G. Campbell*
United States District Judge